# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ANTWAN GLENN,<br>    Petitioner, | Case No: 1:12-cv-706<br><br>Black, J.<br>Litkovitz, M.J. |
| WARDEN, ROSS<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Ross Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on the petition, respondent's motion to dismiss, and petitioner's response in opposition. (Docs. 1, 6, 8).

### I.   PROCEDURAL HISTORY

#### State Trial and Appellate Proceedings

On June 27, 2008, the Hamilton County, Ohio, grand jury returned a three-count indictment charging petitioner and three co-defendants with one count each of murder, aggravated murder, and aggravated robbery. (Doc. 6, Ex. 1). All counts included firearm specifications. *Id.* Following a jury trial, petitioner was found guilty of murder and aggravated robbery. (Doc. 6, Ex. 2). Petitioner was found not-guilty of aggravated murder and the firearm specifications charged in the indictment. *Id.*

Before sentencing, petitioner filed a series of post-conviction motions. First, on February 2, 2009, petitioner and a co-defendant filed a joint motion for a new trial. (Doc. 6, Ex. 4). On March 6, 2009, the trial court overruled petitioner's motion. (Doc. 6, Ex. 6). Petitioner, again with a co-defendant, filed a joint motion for acquittal on February 23, 2009, and a motion for

mistrial on February 24, 2009. (Doc. 6, Ex. 7, 8). On March 23, 2009, the trial court overruled the joint motions for mistrial and acquittal. (Doc. 6, Ex. 10). On the same day, petitioner was sentenced to a total aggregate sentence of twenty five (25) years to life in the department of corrections. (Doc. 6, Ex. 11).

On March 25, 2009, petitioner, through counsel, filed a timely appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 13). Petitioner's brief set forth the following six assignments of error:

1. The trial court erred to Glenn's prejudice by overruling his *Batson* challenge to the State's dismissal of a minority member of the jury pool.

    *Issue Presented for Review and Argument:* It is prejudicial error for the trial court to deny a defendant's *Batson* challenge when the State excuses a minority member of the jury pool without stating race-neutral reasons.

2. Antwan Glenn was denied due process and prejudiced by the State's prosecutorial misconduct to continually ask leading questions during the direct examination of the State's witnesses.

    *Issue Presented for Review and Argument*: When the prosecutor asks leading questions of his own witnesses it unfairly prejudices a defendant's right to a fair trial.

3. The trial court erred as a matter of law and abused its discretion by permitting alleged other bad acts testimony into evidence to Glenn's prejudice.

    *Issue Presented for Review and Argument:* Whether the trial court committed reversible error by permitting irrelevant and prejudicial evidence to be presented by the State of unrelated alleged bad acts of defendant and co-defendant in this case.

4. Antwan Glenn was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution by the improper conduct of the assistant prosecutor throughout the trial in eliciting testimony implying Glenn had a criminal record and had committed other bad acts, and by making improper comments during opening statement and closing argument.

    *Issue Presented for Review and Argument:* Whether a defendant is denied the due process of law by the improper conduct of the assistant prosecutor in trying their case.

5. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain Glenn's conviction for murder and aggravated robbery.

   *Issue Presented for Review and Argument:* When convictions are not supported by sufficient evidence and against the manifest weight of the evidence, it constitutes reversible error.

6. The trial court erred to the prejudice of Antwan Glenn by overruling his motion for new trial, Rule 29 Motion for Acquittal and Motion for New Trial.

   *Issue Presented for Review and Argument:* When the trial court allows the court bailiff to answer deliberating juror's [sic] questions outside the presence of counsel and permits jurors to take jury instructions home overnight, it violates a defendants [sic] right to due process by allowing [the] jury to independently review jury instructions and failing to allow *voire dire* [sic] of the jury to determine how prejudice may have occurred.

(Doc. 6, Ex. 14). On February 25, 2011, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 6, Ex. 16).

## Ohio Supreme Court

On April 11, 2011, petitioner filed a timely notice of appeal to the Ohio Supreme Court. (Doc. 6, Ex. 17). In his memorandum in support of jurisdiction petitioner presented the following six propositions of law:

I. It is prejudicial error for the trial court to deny a defendant's Batson challenge when the State excuses a minority member of the jury pool without stating race-neutral reasons.

II. When the prosecutor asks leading questions of his own witnesses it unfairly prejudices a defendant's right to a fair trial.

III. The trial court commits reversible error by permitting irrelevant and prejudicial evidence to be presented by the State of unrelated alleged bad acts of defendant and codefendant in this case.

IV. A defendant is denied the due process of law by the improper conduct of the assistant prosecutor in trying their case.

V. When convictions are not supported by sufficient evidence and against the manifest weight of the evidence, the trial court commits reversible error.

3

> VI. When the trial court allows the court bailiff to answer deliberating juror's [sic] questions outside the presence of counsel and permits jurors to take jury instructions home overnight, it violates a defendants [sic] right to due process by allowing [the] jury to independently review jury instructions and failing to allow *voire dire* [sic] of the jury to determine how prejudice may have occurred.

(Doc. 6, Ex. 18). On June 8, 2011, the Ohio Supreme Court declined jurisdiction to hear petitioner's case. (Doc. 6, Ex. 20).

## Federal Habeas Corpus

This Court received petitioner's pro se habeas petition on September 18, 2012. (Doc. 1). Therein, petitioner raises the following four grounds for relief:

> **Ground One**: The trial court erred to Glenn's prejudice by overruling his Batson challenge to the state's dismissal of a minority member of the jury pool.
>
> *Supporting Facts*: It is prejudicial error for the trial court to deny a defendant's Batson challenge when the state excuses a minority member of the jury pool without stating race neutral reasons.
>
> **Ground Two**: Antwan Glenn was denied due process and prejudiced by the state's prosecutorial misconduct.
>
> *Supporting Facts*: When the prosecutor a[sks] leading questions of his own witnesses it unfairly prejudices a defendant's right to a fair trial.
>
> **Ground Three:** Abuse[] of Discretion.
>
> *Supporting Facts*: Whether the trial court committed reversible error by permitting irrelevant and prejudicial evidence to be presented by the State of unrelated alleged bad acts of defendant and co-defendant in this case.
>
> **Ground Four:** Improper conduct of the assistan[t] prosecutor implying Glenn['s] criminal records of other bad acts.
>
> *Supporting Facts*: Whether a defendant is denied the due process of law by the improper conduct of the assistant prosecutor in trying their case.

(Doc. 1).

4

Respondent has filed a motion to dismiss the petition. It is respondent's position that the petition should be dismissed because it is barred from review by the one year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2254(d). (Doc. 6).

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE DENIED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, petitioner's grounds for relief are governed by the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." The Ohio Supreme Court declined jurisdiction to hear petitioner's case on June 8, 2011. (Doc. 6, Ex. 20). Because "direct review" of petitioner's conviction included review by the Ohio Supreme Court, see *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Clay v. United States*, 537 U.S. 522, 527-528 (2003); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir.

2000), the statute of limitations began to run when the 90-day period expired for filing a petition for certiorari to the United States Supreme Court from the state supreme court's decision. *Clay*, 537 U.S. at 525; *Bronaugh*, 235 F.3d at 283. Accordingly, petitioner's conviction became final September 6, 2011, when the ninety-day period for seeking certiorari from the United States Supreme Court expired. The statute of limitations began running the next day on September 7, 2011, and expired one year later on September 7, 2012 absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. Fed R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 285.

As noted above, the Court received petitioner's habeas petition on September 18, 2012, eleven days after the limitations period expired. (Doc. 1). However, under *Houston v. Lack*, 487 U.S. 266 (1988) and the so-called "mailbox rule," the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("Under this relaxed filing standard, a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court.") (citing *Richard v. Ray,* 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam)). In this case, petitioner's habeas petition indicates that he placed the petition in the U.S. mail for delivery to the Court on August 29, 2012. (*See* Doc. 1, Attachment p. 4). Because petitioner's habeas petition was "filed" on August 29, 2012, prior to the expiration of the applicable limitations period, it appears that the petition is timely.

Respondent, however, contends that the mailbox rule should not be applied in this case. Respondent claims that the petition was received "without a declaration either of when the petition was signed or when it was placed in the prison mailing system." (Doc. 6, p. 14). Pointing out that petitioner signed and dated a certificate of service attached to the petition and

not the standard form, respondent argues that "it seems logical that a certificate of service that is added as an attachment to the habeas form cannot be used in the place of the requirement that habeas petitions be made under penalty of perjury and dated by the inmate, and that a declaration be made, where appropriate, that the petition has been place in the prison mailing system as set out on the standard form." *Id.* at 19. According to respondent, calculating the date the petition was "filed" based on the date indicated on the certificate leaves the door open to fraud upon the Court. *Id.*

The undersigned finds respondent's position unpersuasive. In this case, petitioner signed the standard habeas form, declaring under penalty of perjury that his habeas petition is true and correct. (Doc. 1, p. 13). Although petitioner did not date this page of his petition, four pages later petitioner signed and dated a certificate of service indicating that the petition was mailed to the Court on August 29, 2012. *Id.* at Attachment p. 4. Respondent has cited no persuasive authority suggesting that the mailbox rule is inapplicable simply because petitioner signed and dated a certificate of service page instead of the form habeas petition.[1] Indeed, the Sixth Circuit has held that "[s]ubmission to prison authorities may be evidenced by a certificate of service or by signing a motion under penalty of perjury." *See Wampler v. Mills*, 60 F. App'x 594, 596 (6th Cir. 2003) (citing *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999)); *Anderson v. United States*, 39 F. App'x 132, 135-136 (6th Cir. 2002) (same).

Respondent has also argued that the certificate of service signed and dated by petitioner

---

[1] The cases cited by respondent are distinguishable from the instant case. The courts in those cases found the mailbox rule inapplicable where the petition was undated and the petitioner failed to offer any evidence to establish when he gave his petition to prison officials for mailing. *See Jacobs v. Sec'y Fla. Dept. Corr.*, No. 2:08-cv-786, 2012 WL 364089, at *1, n.2 (M.D. Fla. Feb. 2, 2012); *Boldiszar v. Prelesnik*, No. 2:08-cv-10965, 2009 WL 1956931, at *2 (E.D. Mich. July 8, 2009); *Adams v. Dretke*, No. 3:03-cv-1604, 2005 WL 910536, at *1, n.2 (N.D. Tex. Apr. 20, 2005). *Cf. Jenkins v. Tribley*, No. 11-10424, 2012 WL 995394, at *1, n.2 (E.D. Mich. March 22, 2012) (using the date on an *in forma pauperis* application and motion for appointment of counsel, both received on the same day as the petitioner's undated habeas petition, to determine the date the petition was "filed" under the mailbox rule).

indicates that petitioner did not in fact give his petition to prison officials for mailing. (Doc. 6, p. 18). According to respondent, petitioner is unable to benefit from the mailbox rule if he did not rely on prison officials and instead mailed the petition himself or through an intermediary. *Id.* However, the certificate of service does not, as respondent contends, indicate that petitioner mailed his petition himself or through a third party, nor does the record before the Court otherwise support such a contention. Although petitioner does not explicitly state that he relied on prison staff to mail his petition, in discussing the timeliness of the petition he states that he "signed his application on August 8, 2012, which is the earliest date on which he could have given it to the prison officials for mailing." (Doc. 8, pp. 7-8).

Finally, respondent claims that the Court should apply a burden-shifting framework, requiring the petitioner to make a threshold evidentiary showing that he delivered his petition to prison authorities before shifting the burden of proof to the state. *Id.* In *Ray v. Clements*, 700 F.3d 993 (7th Cir. 2012), the case relied on by respondent, the Seventh Circuit held that "[i]f the state raises an AEDPA statute of limitations defense, the petitioner must come forward with some evidence to support his claim that, with the benefit of the *Houston* mailbox rule, 365 countable days have not elapsed from the time his state-court judgment became final to the time he filed his federal habeas petition," before the burden shifts to the government. *Ray*, 700 F.3d at 1008. However, even if the Court were to apply the framework suggested by respondent, the petitioner is only required to make a threshold evidentiary showing of timely delivery. As discussed above, in this case petitioner completed a certificate of service which indicates that the petition was mailed prior to the expiration of the limitations period. (*See* Doc. 1, p. 13). Therefore, it appears that even under the threshold advanced by respondent, which is not binding on this Court, the petition would be considered timely filed.

Accordingly, the undersigned finds that petitioner's habeas petition should be construed to have been filed on August 29, 2012, the date upon which petitioner states he mailed his petition to the Court. Because the petition was filed prior to the expiration of the limitations period in this case, respondent's motion to dismiss (Doc. 6) should be **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **DENIED**.

2. The Court order respondent to file a return of writ **within sixty (60) days** of any decision adopting this Report and Recommendation in accordance with this Court's Order of September 20, 2012.

Date: 8/14/13

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ANTWAN GLENN,
    Petitioner,

Case No: 1:12-cv-706

Black, J.
Litkovitz, M.J.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,
    Respondent.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed finding and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make such objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Antwan Glenn #544-514
Ross Corr. Institution
P.O. Box 7010
Chillicothe, Ohio 45601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☒ Agent
☐ Addressee

B. Received by ( Printed Name )       C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7011 3500 0001 5345 9299

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540