IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ANTWAN GLENN,

        Petitioner,    :    Case No. 1:12-cv-706

  - vs -        District Judge Timothy S. Black
        Magistrate Judge Michael R. Merz

WARDEN, Ross Correctional Institution,

    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 19) to the Magistrate Judge's Report and Recommendations recommending dismissal (the "Report," Doc. No. 17). Judge Black has recommitted the case for further analysis.

Glenn's six objections are dealt with seriatim in the order he presents them.

**Objection One**

In his first Objection, Glenn notes that the Report recommends deference to the state court decisions in this case when required by 28 U.S.C. § 2254(d). Glenn objects that § 2254(d) violates Article III of the Constitution and the separation of powers doctrine and unconstitutionally suspends the writ of habeas corpus (Objections, Doc. No. 19, PageID, 2838-39). In support, he cites Justice Stevens' concurring opinion in *Williams v. Taylor*, 529 U.S. 362, 387 (2000). In that case Justice Stevens delivered the decision of the Court, but in Part II he

1

garnered agreement only from Justices Souter, Ginsburg, and Breyer.  Even these Justices did not find § 2254(d) unconstitutional, but interpreted it to require less deference to state court decisions of federal law than did the majority.  It is, however, the majority decision which governs this Court as a subordinate court in the federal hierarchy.  Trial courts are obliged to follow precedent set by Supreme Court and Courts of Appeals.  "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982);  *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987).  The same analysis applies to Glenn's citation (Objections, Doc. No. 19, PageID 2839) to the opinion of Judge Martin, concurred in by Judges Daughtrey, Moore, Cole, and Clay, dissenting from denial of rehearing en banc in  *Davis v. Straub*, 445 F.3d 908 (6th Cir. 2006).

The United States Supreme Court and the Sixth Circuit Court of Appeals have repeatedly applied 28 U.S.C. § 2254(d) to require the deference to state court decisions of federal law which the Report recommended be given in this case.  Objection One is without merit.

**Objection Two**

Glenn objects to the conclusion that he is not entitled to relief on his claim that the State used a race-based peremptory challenge to exclude an African-American venireman from sitting on his jury (Objections, Doc. No. 19, PageID 2839).  Glenn correctly recites the standard for deciding a claim under *Batson v. Kentucky*, 476 U.S. 79 (1986).  The Report quotes at length from the voir dire examination of the prospective juror in question as reported in the state court

opinion (Report, Doc. No. 17, PageID 2821-23).  The state court found that the prosecutor's peremptory challenge was based on this prospective juror's difficulty hearing and difficulty understanding.  *Id.* at PageID 2823.  Glenn does not suggest that these are not race-neutral bases or that the record fails to provide evidence to support them.  Instead, he asserts "it is unreasonable to conclude that this vague explanation is the sort required to rebut a prima facie showing of intentional racial discrimination." (Objections, Doc. No. 19, PageID 2841.)

The burden of proving purposeful discrimination in using peremptory challenges remains always on the person objecting.  *Purkett v. Elem,* 514 U.S. 765 (1995); *Hernandez v. New York*, 500 U.S. 352 (1991).  The burden on an excusing party is to articulate, not prove, a race-neutral basis.  *Id.*  A trial judge's conclusion that the challenge was race-neutral must be upheld unless it is clearly erroneous.  *Hernandez*; *supra*; *United States v. Tucker*, 90 F.3d 1135, 1142 (6th Cir. 1996); *United States v. Peete*, 919 F.2d 1168, 1179 (6th Cir. 1990).  Here the prosecutor articulated a race-neutral reason and it was Glenn's burden to rebut it.  The First District's conclusion that he did not do so is entitled to AEDPA deference.

**Objection Three**

In his Second Ground for Relief, Glenn complained of the prosecutor's use of leading questions.  The First District found the claim waived by lack of contemporaneous objection and no plain error. *State v. Glenn*, 2011-Ohio-829, ¶¶ 53-56, 2011 Ohio App. LEXIS 737 (1st Dist. Feb. 25, 2011).  The Report recommended dismissal on the basis of the procedural default and also because no Supreme Court precedent establishes that it is prosecutorial misconduct to ask leading questions, at least as it was done here (Report, Doc. No. 17, PageID 2824-28).

3

Glenn objects that the First District ignored the procedural default and reached the merits (Objections, Doc. No. 19, PageID 2841).  Not so.  The First District noted the lack of contemporaneous objection and then said it would review only for plain error.  *State v. Glenn, supra,* ¶ 54.  The Report notes that plain error review in Ohio is enforcement, not waiver, of the procedural default (Doc. No. 17, PageID 2827), citing, *inter alia, Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012).

On the merits, Glenn objects that he has stated a cognizable constitutional claim and cites *Berger v. United States*, 295 U.S. 78 (1935).  Justice Sutherland's opinion for the Court contains the classic general language on the prosecutor's duty:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor -- indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

*Id.* at 88.  And indeed in *Berger* the conviction was vacated for prosecutorial misconduct.  The Court found that the prosecutor's argument to the jury was "undignified and intemperate, containing improper insinuations and assertions calculated to mislead the jury."  *Id.* at 86.  But the Court nowhere suggested that asking leading questions was misconduct.  Instead, it described the prosecutor's misconduct as:

> misstating the facts in his cross-examination of witnesses; of putting into the mouths of such witnesses things which they had not said; of suggesting by his questions that statements had been made to him personally out of court, in respect of which no proof was offered; of pretending to understand that a witness had said

4

> something which he had not said and persistently cross-examining the witness upon that basis; of assuming prejudicial facts not in evidence; of bullying and arguing with witnesses; and in general, of conducting himself in a thoroughly indecorous and improper manner.

*Id.* at 84. *Berger* cannot be read as finding unconstitutional the asking of leading questions by a prosecutor. No subsequent Supreme Court case has so held. See " *Darden v. Wainwright*, 477 U.S. 168 (1986); *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974). Glenn's Third Objection is without merit.

**Objection Four**

In his Third Ground for Relief, Glenn asserted he was denied a fair trial because the prosecutor was permitted to adduce evidence of prior "bad acts." The Report found that this claim was procedurally defaulted because it had not been fairly presented to the state court of appeals as a federal constitutional claim (Report, Doc. No. 17, PageID 2832). It also concluded that the claim did not state a federal constitutional violation in the absence of applicable Supreme Court precedent. *Id.*

Glenn objects that the claim was fairly presented because his "state court brief not only references state court cases employing federal analysis [but] the claim is [also] raised in terms so particular as to call to mind a specific right protected by the federal Constitution." (Objections, Doc. No. 19, PageID 2843.) However, he gives no record citations to support this claim. Glenn's Brief on appeal is filed here as Doc. No. 6-1, PageID 103-22. The Third Assignment of Error, where complaint was made about admission of the prior bad acts evidence, reads "[t]he trial court erred as a matter of law and abused its discretion by permitting alleged other bad acts

5

testimony into evidence to Glenn's prejudice." *Id.* at PageID 110.  That Assignment of Error is argued entirely in terms of Ohio R. Evid. 404(b) and Ohio Revised Code § 2045.59.  The state cases cited were *State v. Lowe*, 69 Ohio St. 3d 527 (1994); *State v. Jeffers*, Case No. 06AP-358, 2007-Ohio-3213 (10th Dist. 2007); *State v. Echols*, 128 Ohio App. 3d 677 (1998); and *State v. Broom*, 40 Ohio St. 3d 277 (1988).  None of these cases purports to decide a federal constitutional question relating to propensity or prior bad acts evidence.

Glenn cites decisions from the Fifth, Ninth, and Third Circuit Courts of Appeals which he says recognize improper admission of prior convictions as a ground for habeas corpus relief.  However, this Court is bound to follow decisions of the Sixth Circuit which has held "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003).

On the merits, Glenn complains of three instances of prior bad acts testimony.  The first two are prior aggravated robbery offenses that occurred as part of the same course of conduct that eventually resulted in death of a victim.  On the night in question, Glenn and an associate used Nikkia Sullivan to lure victims with promises of sex to places where they could be robbed at gunpoint.  As parts of the same course of conduct on the same day, these acts were probative of Glenn's preparation and planning and tended to show all the robberies were part of a common scheme.  *State v. Glenn, supra,* ¶ 43.  Glenn could clearly have been charged with those other offenses in the same indictment and there would have been no question about the admissibility of the evidence.  Sullivan's identification of the place where a robbery took place as a place to whose residents Glenn had sold drugs in the past was relevant to identification and in any event was never objected to. *Id.* at ¶ 44.  The exemplar fingerprint card use to match Glenn's

fingerprint on a cigarette pack recovered from the scene only implied a prior crime by its reference to "the justice center." *Id.* at ¶ 47. The state court of appeals found the testimony fleeting and ambiguous and no actual reference to any criminal activity. *Id.* at ¶ 49. Glenn has certainly not shown that this fleeting reference made his trial unfair. The Third Ground for Relief should thus be denied.

**Objection Five**

In his Fourth Ground for Relief, Glenn complained of prosecutorial misconduct. The Report recommended dismissal and Glenn objects (Objections, Doc. No. 19, PageID 2844-45). As to the modus operandi testimony and argument, Glenn incorporates his prior argument and thus no further analysis is necessary.

As to the remaining alleged misconduct, the Report found the state court of appeals enforce Ohio's contemporaneous objection rule and thus this portion of the claim was procedurally defaulted. Glenn objects that the First District reached the merits and therefore did not enforce the contemporaneous objection rule. *Id.* at 2845. The First District did note the lack of a contemporaneous objection and then incorporated by reference its decision on this point from the co-defendant Davis' case. *State v. Glenn, supra,* ¶ 60. That case is *State v. Davis,* 2010-Ohio-5125, 2010 Ohio App. LEXIS 4343 (1st Dist. 2010). In *Davis*, the First District also noted the lack of contemporaneous objection and then reviewed only for plain error. *Id.* at ¶ 29. As demonstrated above, plain error review is an enforcement of the contemporaneous objection rule and not a waiver. Glenn's Fourth Ground for Relief should be denied.

**Objection Six**

In his Sixth Objection, Glenn objects to the Report's recommendation that a certificate of appealability be denied. While reciting the correct standard for granting a certificate, Glenn states in conclusory fashion that "at a minimum [a] reasonable jurist could debate the correctness of the Magistrate Judges [sic] conclusions." (Objections, Doc. No. 19, PageID 2846.) However, this is pure *ipse dixit*; Glenn never cites to any other reasonable jurists who has disagreed with any of the conclusions reached in the Report.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice and a certificate of appealability and leave to appeal *in forma pauperis* be denied.

February 3, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).